IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. DI LORETO and THERESA A. DI LORETO,<br><br>    Plaintiffs,<br><br>  v.<br><br>CHASE MANHATTAN MORTGAGE CORPORATION; SPECIALIZED LOAN SERVICING, LLC; NBS DEFAULT SERVICES, LLC; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 17-cv-05187-CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, GRANTING MOTION FOR PRELIMINARY INJUNCTION, AND CONTINUING CASE MANAGEMENT CONFERENCE<br><br>(Dkt. Nos. 10, 16, 16-1, 17-4, 20) |

Defendants Specialized Loan Servicing LLC (SLS) and Chase Manhattan Mortgage Corporation (Chase) (collectively, Defendants) move to dismiss the complaint filed by Plaintiffs Gregory and Theresa Di Loreto.[1] Plaintiffs move for a preliminary injunction against foreclosure of the real property at issue in this case. Each side opposes the other's motion and each has filed a reply. After considering the parties' submissions and oral argument, the Court grants in part and denies in part Defendants' motion to dismiss and grants Plaintiffs' motion for a preliminary injunction.

The Court also grants the unopposed requests for judicial

---

[1] At the hearing, Plaintiffs represented that prior to removal, the third named Defendant, NBS Default Services (NBS), filed a disclaimer of interest in the action and consent to be bound by any nonmonetary judgment issued. The Court ordered Plaintiffs to file in this Court proof of service on NBS and the declaration of nonmonetary status or other disclaimer filed by NBS. Plaintiffs shall file these documents in this Court within seven days after the date of this order.

notice filed by all parties, and takes judicial notice of the uncontested public documents submitted. The Court does not, however, take judicial notice of the disputed inferences the parties seek to draw from the documents or the parties' respective characterization of those documents. Nor does the Court make any finding about whether other evidence exists regarding the disputed issues.

BACKGROUND

Plaintiffs own real property in Contra Costa County, California. In December 2004, Plaintiffs obtained a $1,350,000 refinance loan from originating lender Chase. They secured the loan by a deed of trust. Around the same time, Plaintiffs also obtained a $500,000 home equity line of credit from non-party JP Morgan Chase Bank N.A. (JPMorgan). Shortly thereafter, Plaintiffs transferred title to the subject property into their family trust. In October 2015, the trust then transferred the title back to Plaintiffs and Gregory Di Loreto transferred his interest to Theresa Di Loreto. Oct. 11, 2017 Supp. Decl. of Gregory Di Loreto ¶ 2 & Ex. A.

In November 2015, Chase assigned its beneficial interest in the refinance loan to non-party U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2006-A3 (U.S. Bank).

"Approximately two years" before Plaintiffs filed this action, Plaintiffs submitted an application for loan modification to Chase and/or SLS. Complaint ¶ 11. Defendants requested additional information, which Plaintiffs attempted to provide. The application was still pending in July 2017, when SLS advised Plaintiffs in writing that their loan modification application

was "currently under review." Complaint ¶ 14 & Ex. E. SLS informed Plaintiffs that they needed to submit a "Request for Mortgage Assistance Form" but also listed numerous other required documents that it deemed "complete" with no further action needed. Id.

Meanwhile, in January 2017, NBS caused to be recorded a notice of default and election to sell the subject property. In July 2017, NBS caused to be recorded a notice of Trustee's Sale.

On August 1, 2017, Plaintiffs filed the complaint in this action in Contra Costa Superior Court. They enumerated separate claims seeking: (1) declaratory relief against all Defendants; (2) injunctive relief against Defendants Chase and SLS; (3) accounting against Defendants Chase and SLS; (4) relief under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, against Defendant SLS; and (5) relief under the California Homeowner Bill of Rights (HBOR), Cal. Civil Code §§ 2923.6, 2924.12, 2924.18, against Defendants Chase and SLS. On August 10, 2017, the Superior Court entered an order to show cause why the court should not issue a preliminary injunction prohibiting the sale of the subject property as well as a temporary restraining order prohibiting sale of the property pending the hearing on the order to show cause. On September 8, 2017, Defendants Chase and SLS filed a notice of removal.

LEGAL STANDARD

I. Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff must proffer "enough facts to state

3

a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Twombly, 550 U.S. at 555. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice. Id. at 1061. However, the court need not accept legal conclusions, including threadbare "recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal

4

"without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). The court's discretion to deny leave to amend is "particularly broad" where the court has previously granted leave. Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002).

II. Standing

In order to satisfy Article III's standing requirements, plaintiffs must allege that: (1) they suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the defendants' challenged conduct; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

The Court evaluates a motion to dismiss for lack of Article III standing under Federal Rule of Civil Procedure 12(b)(1). See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). The threshold question of whether plaintiffs have standing is distinct from, and precedes, analysis of the merits of their claims. Maya, 658 F.3d at 1068. A "plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008) (internal quotations omitted).

A motion to dismiss under Rule 12(b)(1) may be "facial or factual." White, 227 F.3d at 1242. Where a defendant makes a facial attack on jurisdiction, the court takes the factual

5

allegations of the complaint as true, and construes them in the light most favorable to the plaintiffs. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). Where a defendant makes a factual attack, however, the court "need not presume the truthfulness of the plaintiffs' allegations" and, where the jurisdictional question is separable from the merits of the case, may resolve factual disputes without converting the motion into one for summary judgment. White, 227 F.3d at 1242; see also Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). The plaintiff then "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." Leite, 749 F.3d at 1121.

III. Motion for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Alternatively, "a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation and editing marks omitted).

A court employs a sliding scale when considering a plaintiff's showing as to the likelihood of success on the merits and the likelihood of irreparable harm. Id. "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Id.

DISCUSSION

I. Motion to Dismiss

A. Untimely Opposition

Defendants contend that the Court should disregard Plaintiffs' untimely opposition brief and grant the motion to dismiss as unopposed. Defendants' motion to dismiss was filed on September 26, 2017. Plaintiffs' opposition was due on October 10, 2017. On October 17, 2017, Defendants filed a notice that Plaintiffs had not opposed the motion. That same day, Plaintiffs filed a "Memorandum of Points and Authorities in Opposition to Defendant's Motion to Strike," which, despite the title, generally appears to respond to Defendants' motion to dismiss. Plaintiffs' memorandum was not accompanied by a request for leave to file an untimely opposition.

In the exercise of discretion, the Court construes Plaintiffs' memorandum as requesting leave to file an untimely opposition, and grants the motion. The Court warns Plaintiffs, however, that in the future they must seek leave to alter deadlines set by the Court.

B. Standing

Defendants move to dismiss Plaintiffs' claims for lack of standing because Plaintiffs bring this action in their individual

7

capacities even though public records reflect that shortly after the origination of the refinance loan, Plaintiffs conveyed their interest in the property to their family trust. See Defendants' RJN Ex. 3. Defendants argue that Plaintiffs must bring the action in their capacities as trustees of the family trust, not in their individual capacities. In response, Plaintiffs contend that their family trust conveyed the property back to them in their individual capacities in October 2015. Oct. 11, 2017 Supp. Decl. of Gregory Di Loreto ¶ 2 & Ex. A.[2] The Interspousal Grant Deed submitted by Plaintiffs in support of this argument, however, indicates not only that the trust conveyed its interest to Plaintiffs but also that Gregory Di Loreto conveyed his interest to Theresa Di Loreto as her "sole and separate property." Id. Ex. A. At the hearing, Plaintiff's counsel argued that the property is now the couple's community property, but did not cite any law supporting this proposition in light of the language of the Interspousal Grant Deed.

It appears on the present record that only Plaintiff Theresa Di Loreto has standing. The Court will dismiss Plaintiff Gregory Di Loreto's claims, but will permit Mr. Di Loreto leave to amend to plead facts and set forth legal authority supporting his claim of standing.

---

[2] The Court rejects Defendants' argument that it should not consider the "extrinsic evidence" submitted by Plaintiffs. First, as discussed, the Court may consider such evidence in connection with Defendants' standing argument. Second, the Court may properly consider matters subject to judicial notice without converting the motion to dismiss into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Third, the Court may consider the material submitted by Plaintiffs to determine whether Defendants' request for judicial notice is subject to reasonable dispute. Id. at 689-90.

8

C.   Claims Against Chase

Defendants allege that the four claims against Chase must be dismissed because Chase assigned its beneficial interest in Plaintiffs' loan to U.S. Bank in 2015, before SLS commenced the foreclosure proceedings against Plaintiffs that allegedly violate HBOR.  Plaintiffs respond that Chase was their originating lender, and had no authority to assign away its interest in Plaintiffs' loan in November 2015, because in July 2015, it had surrendered its right to transact intrastate business in the State of California.  Oct. 10, 2017 Plaintiffs' RJN.  However, Plaintiffs offer no legal authority in support of their contention that Chase's July 2015 Certificate of Surrender of Right to Transact Intrastate Business renders void its assignment of its interest in Plaintiffs' loan to U.S. Bank.  Defendants, however, have provided authority that similar transfers may be "within the permissible scope for an unregistered foreign corporation."  Baidoobonso-Iam v. Bank of Am. (Home Loans), No. 10-cv-09171-CAS, 2011 WL 5870065, at *4 (C.D. Cal. Nov. 22, 2011).

Moreover, although Plaintiffs plead facts supporting their contention that Chase was the originating lender for their loan, they do not plead any facts in support of a claim that Chase participated in the 2017 foreclosure of Plaintiffs' real property.  Plaintiffs plead group allegations, such as that "Defendants, and each of them have improperly recorded the Notice of Default."  Complaint ¶ 17.  These allegations are contradicted, however, by the notice of default document attached to the complaint and incorporated into it by reference.  See

9

Complaint Ex. C (notice of default that does not name Chase); see also Complaint ¶¶ 7-8 (alleging that NBS caused to be recorded the notice of default and election to sell and notice of trustee's sale and that SLS as nominal beneficiary elected to sell, but not alleging any involvement by Chase). The Court will dismiss all claims against Chase, but will grant Plaintiffs leave to amend to plead facts supporting their claims against Chase. If Plaintiffs cannot presently plead facts supporting a claim against Chase, they may seek leave to amend if they obtain such facts during discovery.

In addition, as discussed at the hearing, the parties must meet and confer in an attempt to reach a stipulation regarding whether Chase retains any interest in Plaintiffs' loan.

D. Dual Tracking Claim

In their fifth cause of action, Plaintiffs claim that Defendants violated the HBOR's prohibition on "dual-tracking," the practice of a mortgage servicer continuing to pursue foreclosure of a property while a complete loan modification application is pending. See Cal. Civ. Code ¶ 2923.6(c). Defendants argue that this claim should be dismissed because Plaintiffs do not adequately allege that they had submitted a complete loan modification application at the time that Defendants proceeded with the foreclosure process.

Section 2923.6(c) protects a borrower who "submits a complete application for a first lien loan modification." Cal. Civ. Code § 2923.6(c). The statute provides, "For purposes of this section, an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents

required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h).

In the complaint, Plaintiffs allege:

> 11. Approximately two years ago, Plaintiffs made and submitted a completed application for a loan modification of the loan referred to in Paragraph 5 herein. At the time of the initial submittal, Plaintiffs provided each and every document and all information initially required of them by CHASE for consideration of such loan application. At the time of the submittal, the loan modification fully complied with all of the requirements of Defendants CHASE and SLS and was complete.
>
> 12. Thereafter, and over the course of the next two years, Defendants CHASE and SLS made repeated demands for further and additional information in support of Plaintiffs [sic] previously completed application, often requesting information and documentation that had been previously provided. . . .

Complaint ¶¶ 11-12; see also id. ¶¶ 13-16.

Defendants argue that Plaintiffs do not adequately allege that their loan modification application was complete because they also allege that Defendants later informed them that they needed additional documents to complete their application. In other words, Defendants contend that the determination of when an application is complete does not depend on when the borrower submits all the documentation required in advance by the servicer, but rather, is left to the servicer's "after-the-fact discretion." Mace v. Ocwen Loan Servicing, LLC, 252 F. Supp. 3d 941, 946 (N.D. Cal. 2017).

Section 2923.6(h) does not support Defendants' position. "The statutory language does not permit a mortgage servicer to create a moving target so borrowers have no way of knowing whether a loan modification application is complete until the

11

mortgage servicer tells them so." Id. Rather, "the clear implication of section 2923.6(h) is that a mortgage servicer must tell the borrowers in advance what documents are required and specify 'reasonable timeframes' for the submission of those documents." Id. (quoting Cal. Civ. Code § 2923.6(h)). If the "borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer," then the application is complete. Cal. Civ. Code § 2923.6(h). Plaintiffs have clearly alleged that they had provided all documents required by Defendants for a complete application both at the time of their initial submittal and at the time when Defendants commenced foreclosure proceedings, with sufficient detail to state a claim.

Although Defendants do not raise this issue, the Court notes that Plaintiffs do not allege in the complaint that the subject real property is their home, much less that it is their principal residence. California Civil Code section 2924.15 provides that section 2923.6 of the HBOR, the dual-tracking provision at issue here, applies "only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units." Cal. Civ. Code § 2924.15. Further, "[f]or these purposes, 'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes." Id. Courts have held that a plaintiff must allege that the subject property is owner-occupied as a principal residence to state a HBOR claim. See, e.g., Mulato v. Wells

Fargo Bank, N.A., 76 F. Supp. 3d 929, 957 (N.D. Cal. 2014) (citing cases). At the hearing, Plaintiffs' counsel represented that the real property is Plaintiffs' principal residence. In any amended Complaint, Plaintiffs must allege whether the real property was, at all relevant times, their principal residence.

Defendants further contend that Plaintiffs' dual-tracking claim fails because they seek monetary damages, but no foreclosure has yet occurred. Under the HBOR, a prevailing borrower may claim injunctive relief before a trustee's sale has occurred, but may only claim monetary damages after a trustee's sale has occurred. Cal. Civ. Code § 2923.12(a). Because Plaintiffs have not alleged that a trustee's deed upon sale has been recorded, they have not stated a claim for damages. They have, however, stated a claim for injunctive relief, which they request in their prayer for relief.

E.  Fair Debt Collection Practices Act

Plaintiffs' fourth cause of action seeks relief against SLS under the FDCPA. 15 U.S.C. § 1692. Plaintiffs do not oppose Defendants' motion to dismiss this claim, and agree to dismiss it voluntarily. Accordingly, the Court will dismiss this claim.

In their opposition to the motion to dismiss, Plaintiffs contend that because the FDCPA claim was the only basis for Defendants' removal of this action, the Court should decline to exercise supplemental jurisdiction and remand this case to California Superior Court. See 28 U.S.C. §1367. In reply, Defendants do not address this contention.

The Court declines to remand based on Plaintiffs' request in the opposition brief. However, this denial is without prejudice

13

to Plaintiffs promptly filing a motion to remand.

F. Accounting

Defendants move to dismiss Plaintiffs' cause of action for an accounting, which claims that the "amount of money Plaintiff [sic] owes to defendants CHASE and SLS, or, alternatively, the amount of money owed to Plaintiffs by defendants CHASE and SLS is unknown to Plaintiffs and cannot be determined without an accounting." Complaint ¶ 26. Defendants argue that Plaintiffs plead no facts in support of this claim. In particular, Defendants contend that Plaintiffs do not plead that Defendants owe Plaintiffs any money, that the parties are in a fiduciary relationship or that Plaintiffs cannot make the accounting by reference to their own records. Plaintiffs respond that Chase recently acknowledged an unspecified error in the servicing of Plaintiffs' loan, which makes an accounting necessary. Oct. 17, 2017 Gregory Di Loreto Declaration in Opposition ¶ 3 & Ex. B. The facts concerning this error are not plead in the complaint, however. The Court will dismiss Plaintiffs' claim for an accounting, but will grant Plaintiffs leave to amend to plead facts supporting all elements of this claim.

G. Declaratory and Injunctive Relief

Defendants move to dismiss Plaintiffs' claims for declaratory and injunctive relief because they seek only remedies and do not constitute independent theories of recovery. Plaintiffs do not oppose dismissal of their free-standing claim for injunctive relief, but respond that a claim for declaratory relief is a recognized cause of action under California law. However, because this action is redundant of Plaintiffs' "fully

14

matured" HBOR claims, it is unnecessary as a separate cause of action. Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872, 909-10 (2013). Plaintiffs may pursue declaratory and injunctive relief as remedies, not independent claims.

II. Motion for Preliminary Injunction

   A. Winter Factors

Plaintiffs move for a preliminary injunction against the foreclosure sale of their property pending this action. The first factor to be considered is Plaintiffs' likelihood of success on the merits. The Court has found that Plaintiffs have stated a dual-tracking claim under the HBOR. In ruling on the motion for preliminary injunction, the Court also considers the additional evidence submitted by the parties.

The Court finds that Plaintiff Theresa Di Loreto has made a strong showing of likelihood of success on the merits of her HBOR claim against Defendant SLS. On the disputed question of the completeness of Plaintiffs' application for a loan modification, Plaintiffs have submitted declarations and evidence that the application was complete when submitted, and that SLS initiated foreclosure proceedings while the application was pending. See Cal. Civil Code § 2923.6(c)(1)-(3).[3] Defendants contend that

---

[3] This section provides:

   (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a

15

Plaintiffs never completed their loan modification application, and that documents submitted earlier became "stale" while Plaintiffs delayed in submitting missing documents. However, although Defendants submit evidence regarding demands for additional information from Plaintiffs, see, e.g., October 3, 2017, Decl. of Cynthia Wallace, they do not submit any evidence of what information they required Plaintiffs to submit in their initial loan modification application, how Plaintiffs knew what was required, or what information Plaintiffs submitted in their initial application.

Plaintiffs, on the other hand, submit Mr. Di Loreto's declaration, under penalty of perjury, that at the time Plaintiffs submitted their initial loan modification some time during or before August 2015, they "provided each and every document and all information initially required by CHASE for consideration" of the application and that the application "fully complied with all the requirements of Defendants [sic] CHASE and was complete." September 19, 2017 Decl. of Gregory Di Loreto ¶ 8. The Court overrules Defendants' objections to this declaration. Mr. Di Loreto's testimony regarding the submission

---

    trustee's sale until any of the following occurs:

        (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

        (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.

        (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

16

of the loan modification application is within his personal knowledge. Defendants' evidence that they later demanded additional information in support of the application is not sufficient to overcome Plaintiffs' showing that their application was legally complete because, when filed, it included all the documents previously required by Defendants.[4]

Defendants contend that Plaintiffs' earlier applications were denied as incomplete via a telephone call due to Plaintiffs' failure to provide requested documents. Wallace Decl. ¶ 12. But Defendants do not contend that they satisfied any of the conditions of California Civil Code section 2923.6(c)(1)-(3), such as a compliant written denial, before conducting foreclosure proceedings. Accordingly, the first Winter factor weighs heavily in favor of a preliminary injunction.

With regard to the remaining factors to be considered, a foreclosure sale would impose immediate and irreparable injury because Plaintiffs would lose unique real property and would be deprived of a meaningful opportunity to be considered for loss mitigation options. See Mace v. Ocwen Loan Servicing, LLC, No. 16-cv-05840 CW, 2016 WL 9275406, at *4 (N.D. Cal. Dec. 29, 2016). The balance of the harms tips sharply in their favor and they have shown that there is strong public interest in

---

[4] At the hearing, Plaintiffs relied heavily on a July 6, 2017 letter from SLS providing a list of "complete" items of information, with "no action needed," provided by Plaintiffs to SLS. This letter, in and of itself, is not persuasive, however, because Plaintiffs mention only the list of complete documents and ignore the text at the beginning of the letter stating "Core Documents Needed: Request for Mortgage Assistance Form." On the other hand, the fact that SLS required an additional form in July 2017 also does not mean that Plaintiffs' initial application was not complete when filed.

17

preventing unlawful foreclosures. Id. Plaintiffs have satisfied their burden of showing that the Winter factors are met.

B. Bond

Defendants request that the Court either impose a bond in the amount of $200,000.00 to cover reasonable rental value, lost interest, attorneys' fees and depreciation in the value of the property, or require Plaintiffs to submit monthly bond payments to Defendants in the amount of the monthly payment on the loan for the pendency of the injunction. Plaintiffs respond that the value of the property is sufficiently higher than the loan amount that no further security should be required and that they should not be required to pay any arrearages.

In lieu of posting a bond, the Court orders Plaintiffs to make monthly payments of $6500.00 per month. The parties represented at the hearing that this amount is approximately the same as the monthly payments on the loan. The monthly payments shall be sent by Plaintiffs to their counsel who shall forward them to Defendants' counsel by the first business day of each month, beginning December 1, 2017.

CONCLUSION

The Court grants the unopposed requests for judicial notice filed by all parties (Docket Nos. 16-1, 17-4, 20).

Within seven days after the date of this order, Plaintiffs shall file in this Court proof of service on NBS, or waiver of service by NBS, and any declaration of nonmonetary status or other disclaimer filed by NBS.

The Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss (Docket No. 16). The Court DISMISSES all

claims brought by Gregory Di Loreto; dismisses all claims against Chase; dismisses Plaintiffs' separate claims for an accounting and for declaratory and injunctive relief; and dismisses Plaintiffs' fourth cause of action under the FDCPA. The Court DENIES the motion to dismiss Theresa Di Loreto's HBOR claim for injunctive and declaratory relief against SLS.

The Court ORDERS the parties to meet and confer in an attempt to reach a stipulation regarding whether Chase retains any interest in Plaintiffs' loan.

The Court GRANTS Plaintiffs' motion for a preliminary injunction (Docket No. 10). Defendants Chase and SLS, their officers, agents, employees, partners, successors, representatives and all other persons acting in concert or participating with them, are hereby restrained and enjoined from taking any further action in pursuit of a foreclosure sale of Plaintiffs' real property located at 1155 Redfern Court, Contra Costa County, California, Contra Costa County Assessor's Parcel Number 121-190-019-4. This preliminary injunction is conditioned upon Plaintiffs making monthly payments of $6500.00 per month. If Defendants believe that Plaintiffs have breached this condition, they must first ask the Court to lift the injunction before taking any action related to the property.

The Court having dismissed Plaintiffs' FDCPA claim, Plaintiffs may file a properly-noticed motion to remand. The filing of a motion to remand shall not, however, stay any other deadline absent further Court order.

The Court grants leave to amend the dismissed claims. Any amended complaint is due within twenty-one days after the date of

19

this order, and must be accompanied by a redline version showing all changes made in the amended complaint.

In any amended Complaint, Plaintiffs must allege whether the subject real property was, at all relevant times, their principal residence.

All Defendants that have been served shall respond to any amended complaint within twenty-one days after it is filed. If Defendants file a further motion to dismiss, the motion should be noticed for February 27, 2018, at 2:30 p.m.

The Court CONTINUES the initial case management conference currently scheduled for December 19, 2017 to February 27, 2018 at 2:30 p.m. The joint case management statement is now due February 20, 2018.

If Plaintiffs do not timely file an amended complaint, Defendants' answer to Theresa Di Loreto's HBOR claim in the current complaint shall be due within forty-two days after the date of this order.

IT IS SO ORDERED.

Dated: November 20, 2017

CLAUDIA WILKEN
United States District Judge